FORMIGLI CORPORATION
v.
ALCAR BUILDERS, INC.
Civ. A. No. 31891.

United States District Court
E. D. Pennsylvania.
March 22, 1963.

---

Benjamin Kuby (of Klovsky & Kuby), Philadelphia, Pa., for plaintiff.

Robert F. Cushman (of Cushman & Obert), Philadelphia, Pa., for defendant.

BODY, District Judge.

The plaintiff, a New Jersey corporation, agreed to manufacture, deliver and install in an apartment housing project, which was being constructed by defendant at Horsham, Pennsylvania, a precast concrete floor system for $79,500.00. The plaintiff alleges that the defendant prevented performance of the contract by changing its terms, failing to provide drawings and specifications, and refusing to allow plaintiff to perform its contract with the defendant. The plaintiff now asks damages of $25,000.00 for loss of profit.

The defendant seeks to compel the plaintiff to arbitrate the dispute, and to stay all proceedings until the arbitration has been completed, averring that the written contract between the parties provides for arbitration. Article XV reads:

"* * * In case the parties hereto disagree in relation to *any clause or provision* of this contract and the rights of the parties with regard thereto, such disagreement shall be arbitrated under the laws of Pennsylvania * * *." (Emphasis supplied.)

Plaintiff contends that this arbitration clause is not intended to cover a dispute which goes to the essence of the entire contract while the defendant contends that it does encompass such a dispute, as well as a dispute arising out of any specific part of the contract.

Plaintiff urges that Pennsylvania law applies and that under the cases Pennsylvania will strictly construe arbitration agreements. Plaintiff cites primarily older cases which emphasize a jealous attitude based on a fear of loss of jurisdiction to private arbitrators. It appears that where courts once feared a loss of jurisdiction, they no longer do so, neither in Pennsylvania nor elsewhere. Cook v. Kuljian Corp., 201 F.Supp. 531 (E.D. Pa.1962); Borbach v. Borbach, 398 Pa. 561, 158 A.2d 546 (1960).

The alleged prevention of performance by defendant seems clearly to be covered by Article IX of the contract in question which states:

"Should the Sub-Contractor at any time neglect to supply a sufficiency of properly skilled workmen or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, the Contractor shall be at liberty after two (2) days' notice to the Sub-Contractor to provide any such labor or materials, and to deduct the cost thereof from any money then due or thereafter to become due to the Sub-Contractor under this agreement; or the Contractor shall be at liberty to terminate the employment of the Sub-Contractor, and to enter upon the premises and take possession, for the purpose of completing the work * * *."

There are many other terms, conditions and provisions in the contract. Of

course, the provision in question is an important one but nevertheless, it is only one of many.

Borbach v. Borbach, supra, at page 562, 158 A.2d at page 547, involved the clear application of the proper modern view in applying the general contract rule of ascertaining the intent of the parties as manifested in their express agreement. There a broad intent was ascribed to a general arbitration clause which stated it was to cover " * * * any disagreement * * * from any cause whatsoever * * * " Such broad clauses calling for arbitration are difficult to distinguish one from the other. The usual practice, apparently existing here, is to include all of the normally anticipated problems and disputes which occur in performance. The intended coverage called for by "any disagreement" is to all intents and purposes the same as that called for by "any clause or provision". To find otherwise is to attempt to make an unjustified fine distinction formerly thought proper in order to protect the jurisdiction of courts from invasion and to protect the right of contracting parties to a jury trial regardless of their expressed intent to the contrary.

We find that the dispute here involves a specific contract provision and is arbitrable even under a strict construction. In addition, we find that if the dispute goes to the heart of the contract the parties intended it to be arbitrated.

Since it is apparent that Federal Courts (Cook v. Kuljian Corp., supra) applying substantive law in cases involving interstate commerce will reach the same conclusion at which we arrive above, based on Pennsylvania law, there is no moving necessity for deciding whether this contract has sufficient contact with interstate commerce to invoke federal substantive jurisdiction. Moreover, it is decidedly unclear on the present record whether interstate commerce is involved.

## ORDER

And Now, March 22, 1963, in accordance with the foregoing Opinion, it is ordered that the present action be and is hereby stayed, and the parties are directed to proceed to arbitration.