## Riboldi v. Vito

438

*Mervine, Brown and Newman,* for plaintiffs.
*Maxwell H. Cohen,* for defendant.

DAVIS, P. J., July 15, 1963.—This is an action of assumpsit on a written building contract by which defendant, Emanuel Vito, undertook to construct for plaintiffs, Joseph A. Riboldi and his wife, Frances Mancuso Riboldi, a dwelling house for the sum of $15,000. The complaint, filed October 10, 1961, avers numerous defects in performance and claims $4,370 damages. Defendant filed an answer denying defective performance, a counterclaim for $300 unpaid balance of the contract price and $572.50 for additional work, and new matter averring that the contract contained the following provision:

"FOURTH—Should any dispute arise respecting the true construction or meaning of the drawings or

specifications, or should any dispute arise respecting the true value of the extra work, or of the work omitted, or of improper workmanship or materials, or of any loss sustained by the Owner, and the manner of its estimation is not herein otherwise provided for, the same shall be decided by the appraisers of the Franklin Federal Savings and Loan Association of Wilkes-Barre and their decision shall be final and conclusive."

Plaintiffs' reply, filed July 25, 1962, admitted that the contract contained such a provision, but averred that defendant was not entitled to the $300 because of defective performance and that any additional work was not requested in writing, as required by the contract. On August 13, 1962, defendant filed a motion for judgment on the pleadings. Before disposition of the motion, defendant, on November 14, 1962, filed a notice of petition for rule and, on November 21, 1962, a petition for rule to compel arbitration.

At argument, January 7, 1963, the motion for judgment and the rule to submit to arbitration were presented together. Both the oral arguments and the typewritten briefs of counsel were directed to a single major issue: Is defendant entitled to an order submitting the case to arbitration?

The question is governed by the Act of April 25, 1927, P. L. 381, 5 PS §161, et seq. Section 1 of the act, 5 PS §161, provides:

"A provision in any written contract, except a contract for personal services, to settle by arbitration a controversy thereafter arising out of any such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

Section 2 of the act, as amended by section 1 of the Act of June 21, 1935, P. L. 400, 5 PS §162, provides:

"If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall, on application of one of the parties made before the suit or proceeding is at issue, stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

Section 3 of the act, 5 PS §163, provides in part:

"The party aggrieved by the alleged failure, neglect, or refusal of another to perform a written agreement for arbitration, may petition the court of common pleas of the county having jurisdiction for an order to show cause why such arbitration should not proceed in the manner provided for in such agreement."

In the present case, counsel for defendant filed a petition for a rule to submit to arbitration which did not include an order to stay proceedings meanwhile. Manifestly, section 2 and section 3 should be read together, so that a simple petition for arbitration is equally subject to the requirement of section 2, that applications for a stay of proceedings pending arbitration be "made before the suit or proceeding is at issue." Here, the case was at issue 20 days after the filing of plaintiffs' reply on July 25, 1962, as counsel for defendant must have recognized when, on August 13, 1962, he filed the motion for judgment on the pleadings. Since the petition for a rule to submit to arbitration was entered more than three months later, on November 14, 1962, it was filed too late and the rule must be discharged: Layne v. Phillips, 67 D. & C. 40;

Amberlavage v. Lehigh Valley Coal Company, 8 Schuyl. Reg. 143.

The motion for judgment on the pleadings requires us to examine the entire record to determine whether it may possibly contain the legal equivalent of a proper petition for arbitration, thus supporting an order to submit the case thereto.

On the face of the record, the issue of arbitration was first raised in defendant's new matter, which set forth the alleged arbitration provision and contained an averment that plaintiffs failed to submit the case pursuant thereto. Since plaintiffs had failed to attach a copy of the contract to their complaint, this was a *proper* method of bringing the contract provision upon the record. See Friar v. Germick, 18 D. & C. 2d 181 (1959). Indeed, a superficial reading of Pa. R. C. P. 1030, as amended March 14, 1956, effective July 1, 1956, might suggest that this was a *mandatory* method, since it provides, in part:

"All affirmative defenses, including but not limited to the defenses of . . . arbitration and award . . . shall be pleaded in a responsive pleading under the heading 'New Matter'. A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading."

A final award in arbitration clearly would be an affirmative defense, pleadable in bar of any contrary claim; but the pendency of unresolved arbitration proceedings, or the mere existence of an executory contract to arbitrate, constitutes an embryonic possibility which either may, or may not, mature into a definite award at some future time. Consequently, it would facts" to be pleaded under "New Matter" permissively seem that such situations qualify as "other material rather than in obedience to mandatory requirement.

Two alternative methods of raising the arbitration issue were available. (1) The first, and most expedi-

tious, was by petition for a rule to arbitrate, under section 3 of the Act of 1927, supra, coupled with an order staying proceedings meanwhile. See Borbach v. Borbach, 398 Pa. 561 (1960) ; Wm. Linker Company, Inc. v. Feinberg, 360 Pa. 601 (1949). Filed after service of the complaint, it could have eliminated the necessity for the subsequent pleading of answer, new matter, counterclaim and reply; and, filed simultaneously with defendant's answer, new matter and counterclaim, it could have served as a timely assertion of defendant's affirmative intention to seek arbitration before the case was at issue. (2) The second method, by preliminary objection in the nature of a demurrer to the complaint, was not immediately available to defendant because plaintiffs had failed to attach a copy of the contract containing the arbitration provision to the complaint. Averment of the arbitration provision in the preliminary objection would have rendered it bad as a " 'speaking' demurrer": Strollo v. Domenick, 3 D. & C. 2d 715; Summers v. Summers, 6 D. & C. 2d 187; and, for an affidavit of defense raising questions of law, prior to the adoption of the Pennsylvania Rules of Civil Procedure, see Landy Co. v. Saulsbury Canning Co., 56 York 201. However, if action had been taken to strike off the original complaint, an amended complaint attaching a copy of the contract, thus placing the arbitration provision on the face of the record, would have been subject to attack by demurrer: Jefferies v. Tucker, 7 D. & C. 2d 172; affirmed per curiam by the Supreme Court on the opinion of Hagan, J. See also Bixler v. Adair, 22 D. & C. 2d 732, defense of infancy patent, demurrer proper; and Commonwealth v. Stish, 22 D. & C. 2d 389, defense of infancy not patent, demurrer improper.

To support an order submitting a case to arbitration, two essential elements must be established: (1) the existence of an agreement to arbitrate; and (2)

timely affirmative action by the applicant to set the arbitration proceedings in motion. Feldman v. Sterling, 75 D. & C. 473 involved a bill in equity for the appointment of a receiver for partnership assets. Defendants filed preliminary objections averring that the court had no jurisdiction until arbitration had been conducted pursuant to the partnership agreement. Flood, J., entered a restraining order preserving the status quo and said:

"Under the Arbitration Act of April 25, 1927, P. L. 381, sec. 2, as amended, 5 PS §162, it would appear that plaintiff's failure to aver a request for arbitration and refusal by defendant to accede to that request does not oust the court's jurisdiction or prevent it from proceeding. The burden is rather upon the party who seeks arbitration to apply for a stay until arbitration can be had. If that is so, we cannot withhold our action merely because defendant by preliminary objections raises the issue of arbitration without applying for a stay until arbitration can be had or taking any action on his own part to have the arbitration machinery set into motion."

In the present case, the first element is satisfactorily established by the averment, in defendant's "New Matter", of an agreement to arbitrate, admitted by plaintiffs' reply; but the pleadings are completely devoid of any indication that defendant actively sought arbitration until November 14, 1962, when he filed his notice of petition for rule to submit to arbitration. The fatal character of this deficiency is made clearly apparent in the decision of Layne v. Phillips, 67 D. & C. 40. That was an action in assumpsit in which defendant twice *raised the issue* of arbitration in the pleadings, but did not *apply* for arbitration until after the case was at issue and had been twice on the trial list. In refusing the petition for arbitration, Sloane, J., cited section 1 of the Act of 1935, P. L. 400, amending sec-

tion 2 of the Arbitration Law of 1927, P. L. 381, 5 PS §162, and said:

"In this case, defendant hovered over arbitration, but did not apply for it to the court till now. He raised the question by preliminary objections, but that is not an application for reference of the matter to arbitration (see Landy Co. v. Saulsbury Canning Co., 56 York 201). He raised the question in his answer (new matter), but again all he did was to point out that the contracts between the parties call for arbitration and that plaintiff has not petitioned or applied: 'Defendant avers that plaintiff has made no effort to submit his claim to arbitration as heretofore provided, although plaintiff knows that defendant is willing that it be submitted.' Willingness, even if the better half of fulfillment, is still only half, and the defendant's willingness should have propelled itself betimes to the present petition. Defendant himself apparently did not think the words spoken in his 'new matter' served the purpose of a petition for arbitration, since finally he did file the present one...

"Whether under the earlier, unamended Act of 1927, waiver, abandonment, relinquishment or laches of the right to arbitration is a matter of time, conduct or word, as seems to be indicated by other cases, is not a question in view of the precise language of the late amending Act of 1935. It is because of the amending act that I consider the arbitration provisions unavailing at this stage of the proceedings and decide that the petition must be refused."

In reply to the Layne decision, counsel for defendant requests the court to treat defendant's "New Matter" as being the legal equivalent of a petition for arbitration under the Act of 1927, as amended, and cites Novello v. Novello, 39 Erie 186. That was an assumpsit action to recover money under a partnership agreement. The complaint contained averments: 1.

That the agreement contained an arbitration provision; and 2. That defendant had refused, *on demand* [*by plaintiffs*] to submit the dispute to arbitration. Defendant's answer alleged that the partnership had been dissolved and the arbitration provision was no longer operative. Plaintiffs then filed a *motion*, rather than a petition, for a rule to submit the case to arbitration. When the case came before the court for disposition on the rule, the court neither discharged nor made the rule absolute, but awarded a jury trial to determine whether or not defendant had neglected or refused to perform on the arbitration clause of the partnership. Laub, J., said:

"The Act of 1927, April 25, P. L. 381, No. 248, Sec. 3, 5 PS 163, provides that where a party is aggrieved by the failure, neglect or refusal of another to perform under a written agreement for arbitration he may petition the court for an order to show cause why such arbitration should not proceed in the manner provided for in such agreement. No such petition was filed in this case, the plaintiff having filed a complaint as above set forth and a motion for a rule to show cause upon the defendant. However, we do not consider this fatal since the complaint is sworn to after the fashion of petitions, an answer has been filed and the intent of plaintiff has been made manifest by the presentation of its motion. We shall therefore treat the complaint and the subsequent motion as a petition within the meaning of the act."

There is nothing in the report of this case to indicate that the motion for a rule to arbitrate was not *timely*. Although filed after plaintiffs' answer, it could have been, and probably was, filed within the time allowed plaintiffs for filing a reply and therefore before the case was at issue. There was no apparent necessity to relate back to the complaint in order to avoid the time requirement of section 2 of the Act of

1927, as amended. Furthermore, the complaint, which the court coupled with the motion for a rule to arbitrate to forge the legal equivalent to a petition for a rule to arbitrate under the Act of 1927, contained not only an averment of the arbitration agreement, but an averment that *plaintiffs had demanded and defendant had refused to arbitrate.* In the present case, defendant's "New Matter" avers:

"9. Plaintiffs have failed to submit the disputes under the aforesaid Agreement to arbitration . . ."

This averment is similar to that in the Layne case, supra, and falls far short of demonstrating affirmative action by defendant in seeking to bring the arbitration provision into operation. The Novello decision therefore furnishes no authority by which this court could treat defendant's "New Matter" as the equivalent of a petition for a rule to arbitrate under the Act of 1927.

It is true that the courts have, on occasion, disregarded purely technical defects in pleading under the authority of Pa. R. C. P. 126, which relates to the construction of the Rules of Civil Procedure themselves, apart from any statutory provisions which may govern the particular action or proceeding. Rule 126 provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Accordingly, in Trau & Loevner, Inc. v. Routman, 6 D. & C. 2d 164, the court treated a motion to quash as a preliminary objection to an alias writ of attachment; and in Rule v. Rule, 10 D. & C. 2d 294, the court sustained a preliminary objection and struck off the complaint in an action to quiet title, although

the preliminary objection did not contain a request for specific relief, as required by Pa. R. C. P. 1021.

In the present case, granting defendant the requested treatment of his pleadings would be objectionable on two grounds:

1. It would convert defendant's "New Matter" and "Counterclaim" into anomalous, rather than procedurally proper, pleadings. A request for specific performance of an arbitration agreement has no legitimate place in either pleading, since this is an action in assumpsit sounding in a claim for damages, unlike a proceeding in equity where a counterclaim for specific performance would be proper: Glassman v. Philadelphia, 9 D. & C. 2d 495;

2. It would contravene a time requirement derived, not from the Pennsylvania Rules of Civil Procedure, but from the statute upon which the demand for arbitration is based. A lower court is within its rights when it enforces a court rule and refuses to sanction an appeal nunc pro tunc after the required time limit has expired: Milton Bank and Safe Deposit Co. v. Beachel, 174 Pa. Superior Ct. 276, 279 (1953); but when a statute fixes the time within which an act must be performed, the courts have no power to enlarge it in the absence of a showing of fraud or its equivalent: Klugman v. Gimbel Brothers, Inc., 198 Pa. Superior Ct. 268, 274, 275 (1962). See Cumberland Valley Savings and Loan Association v. Myers, 396 Pa. 331 (1959); and W. W. Grainger, Inc. v. Ruth, 192 Pa. Superior Ct. 446, 448, 449 (1960).

In the present case, counsel has not made any attempt to justify the want of timeliness in filing his petition for a rule to submit to arbitration; nor can it be said that granting the rule would not affect the substantial rights of plaintiffs. The effect would be to substitute a proceeding before arbitrators and deprive plaintiffs of the right, which they now have, to a trial

by jury. We are not prepared to say that this is not a substantial right. See Neely v. J. A. Young & Company, Inc., 198 Pa. Superior Ct. 196, 202, 203 (1962).

### Order

And now, July 15, 1963, motion for judgment on the pleadings is hereby denied and the rule to show cause why plaintiffs should not submit the dispute to arbitration is discharged.