564 A.2d 523

COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Plaintiff,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY and Barbara Johnson, Defendants.

Commonwealth Court of Pennsylvania.

Argued May 4, 1989.

Decided Aug. 10, 1989.

Publication Ordered Oct. 3, 1989.

Jason W. Manne, Asst. Counsel, Pittsburgh, for plaintiff.

John E. Quinn, Evans, Rosen, Portnoy, Quinn & Donohue, Pittsburgh, for Barbara Johnson.

Peter B. Skeel, John C. Bogut, Jr., Pittsburgh, for Prudential Property and Cas. Co.

Before BARRY and McGINLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

This is an action for declaratory judgment brought by the Commonwealth of Pennsylvania, Department of Public Welfare (DPW) in our original jurisdiction.[1] Barbara Johnson (Johnson) has filed preliminary objections asserting that DPW lacks capacity to sue and that the doctrine of lis pendens is applicable. The preliminary objections are before us at this time.

1. 42 Pa.C.S. § 761(a)(1).

On September 28, 1987, Johnson was involved in a motor vehicle accident when the vehicle in which she was riding left the roadway and struck a guardrail. As a result of the accident, Johnson suffered severe injuries requiring extensive medical care and treatment. DPW, through its medical assistance program paid a portion of the bills incurred by Johnson because Johnson's first party benefits, provided by Prudential Property and Casualty Insurance Company (Prudential), were insufficient to meet all the bills. In addition, under the same Prudential policy, Johnson had uninsured motorist coverage with policy limits of $25,000 per person/per accident. DPW alleges in its complaint that Prudential is willing to tender the $25,000 on Johnson's uninsured motorist claim but that DPW and Johnson are unable to agree as to their respective rights to the monies.[2] DPW contends that it is entitled to its full claim for reimbursement in the amount of $20,150.79.

■ Initially, Johnson argues that in order for the DPW to properly pursue a statutory cause of action for reimbursement of medical benefits DPW must first request the Attorney General to bring suit against the defendant[3] and that an action for reimbursement for medical benefits can

2. This court entered an order dated May 17, 1989, granting Prudential's motion to pay the policy limits into court and discharging Prudential from any further liability to DPW and Johnson.

3. Johnson argues that Section 1409(b)(1) of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31 *as amended,* 62 P.S. § 1409(b)(1) is controlling and relevantly provides:

   (b)(1) When benefits are provided or will be provided to a beneficiary under this section because of an injury for which another person is liable, or for which an insurer is liable in accordance with the provisions of any policy of insurance issued pursuant to Pennsylvania insurance laws and related statutes the department shall have the right to recover from such person or insurer the reasonable value of benefits so provided. The Attorney General or his designee may, at the request of the department, to enforce such right, institute, and prosecute legal proceedings against the third person or insurer who may be liable for the injury in an appropriate court, either in the name of the department or in the name of the injured person, his guardian, personal representative, estate or survivors.

only be brought by the Commonwealth of Pennsylvania with the Attorney General instituting suit for the Commonwealth.[4] Specifically, Johnson seeks to establish DPW's failure to request the Attorney General to bring suit on the basis that the authorization of the Attorney General is neither apparent on the face of the complaint nor specifically pled. However, the complaint is verified by an attorney for the Commonwealth of Pennsylvania who states he is authorized to verify the complaint. Rule 205.1 of the Rules of Civil Procedure relevantly provides that the signature of an attorney on a paper constitutes a certification of authorization to file it. Additionally, the complaint is clearly brought in the name of the Commonwealth as required by Pennsylvania Rules of Civil Procedure 2102(a) and no defect appears.[5] *Pennsylvania Liquor Control Board v. Rapistan*, 472 Pa. 36, 371 A.2d 178, n. 10 (1976).

Secondly, Johnson argues that her initiation of an arbitration proceeding pursuant to her liability insurance policy is a prior action prohibiting DPW from pursuing declaratory action. Johnson argues that DPW's only recourse is to either intervene in the arbitration proceeding or initiate its own action directly against the insurer. We again disagree.

**4.** Section 204(c) of the Commonwealth Attorneys Act (Attorneys Act), Act of October 15, 1980, P.L. 950, 71 P.S. § 732–204(c) relevantly provides:

The Attorney General shall represent the Commonwealth and all Commonwealth agencies . . . in any action brought by or against the Commonwealth or its agencies. . . . The Attorney General shall collect, by suit or otherwise, all debts, taxes and accounts due the Commonwealth which shall be referred to and placed with the Attorney General for collection by any Commonwealth agency; the Attorney General shall keep a proper docket or dockets, duly indexed, of all such claims, showing whether they are in litigation and their nature and condition. The Attorney General may, upon determining that it is more efficient or otherwise is in the best interest of the Commonwealth, authorize the General Counsel or the counsel for an independent agency to initiate, conduct or defend any particular litigation or category of litigation in his stead.

**5.** Commonwealth of Pennsylvania, Department of Public Welfare v. Prudential Property and Casualty Insurance Company and Barbara Johnson, Action For Declaratory Judgment (Original Record).

In the present case, the duty to arbitrate arises solely out of the contract of insurance between Johnson and Prudential. DPW is not a party to that contract and is not obligated to arbitrate its claim. Although policy favors arbitration as a method of settling disputes, arbitration is a matter of contract, and it cannot be compelled between parties who have not contracted to arbitrate a particular dispute. *Johnson v. National Insurance Companies*, 384 Pa.Superior Ct. 92, 557 A.2d 789 (1989). Therefore, Johnson has no legal right or authority to bind DPW, an unrelated third party, to arbitrate its claim.[6] *Id.* Further, the May 17, 1989, order discharged Prudential from any further liability to DPW and Johnson. (See footnote 2.) DPW and Johnson are the only remaining parties making claim on the policy limits paid into court. Therefore, there is no pending action[7] which bars DPW's request for declaratory relief.

Section 7541(a) of the Declaratory Judgments Act (DJA), 42 Pa.C.S. § 7541(a) provides that it is remedial legislation and its purpose is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed...." *Spooner v. Secretary of the Commonwealth*

6. Johnson cites the cases of *Borbach v. Borbach,* 398 Pa. 561, 158 A.2d 546 (1960) and *Jefferies v. Jefferies,* 387 Pa. 234, 127 A.2d 657 (1956) in support of her position. However, the facts of both cases are distinguishable from the facts of the present case. *Borbach* dealt with a partnership agreement where any disagreement between the co-partners was to be settled by arbitration. One co-partner filed a complaint in equity alleging that the other copartner breached the partnership agreement. The lower court stayed the proceedings and referred the controversy to arbitration. The Pennsylvania Supreme Court held that the court's decision was proper and just. *Jeffries* dealt with a partnership agreement between a bother and sister and provided for arbitration concerning any disputes. The Supreme Court affirmed the court's decision to sustain defendant's preliminary objections to the plaintiff's complaint. The Supreme Court held that the court's order suspended further court action until plaintiff submitted his grievance to arbitration. In the present case DPW was not a party to the arbitration clause contained in the insurance contract policy between Johnson and Prudential.

7. Lis pendens is a valid defense only when the parties, the cause of action, and the relief sought are the same in both actions. *Feigley v. Jeffes,* 104 Pa.Commonwealth Ct. 540, 522 A.2d 179 (1987).

*of Pennsylvania,* 114 Pa.Commonwealth Ct. 352, 539 A.2d 1 (1988). Further in *Spooner* we noted:

> Section 7533 of the DJA, 42 Pa.C.S. § 7533 provides in relevant part '[a]ny person ... affected by a statute, [or contract] ... may have determined any question of construction or validity arising under the ... statute [or contract] ... and obtain a declaration of rights, status, or other legal relations thereunder.' Section 7537 of the DJA, 42 Pa.C.S. § 7537 provides that '[t]he court may refuse to render ... a declaratory judgment ... where such judgment ... would not terminate the uncertainty or controversy giving rise to the proceeding....'

*Id.,* 114 Pa.Commonwealth Ct. at 357–358, 539 A.2d at 3.

In the present case there exists a current and ongoing controversy as to whether DPW or Johnson is entitled to the proceeds of the policy. The declaratory relief requested would end that controversy.

Accordingly, Johnson's preliminary objections are overruled.

## ORDER

AND NOW, this 10th day of August, 1989, the preliminary objections of Respondent Barbara Johnson are overruled.

Respondent shall file a responsive pleading within thirty (30) days of this order.

## ORDER

PER CURIAM.

AND NOW, October 3, 1989, it is ORDERED that the above-captioned opinion filed August 10, 1989, shall be designated OPINION rather than MEMORANDUM OPINION, and it shall be reported.