## Hepler v. Liberty Mutual Fire Insurance Co. (No. 3)

*Richard Angino,* for plaintiffs.
*Thomas Williams,* for defendants.

HESS, *J.,* March 8, 1991—

### OPINION AND ORDER

Both of the above captioned cases have been joined for trial by agreement. Plaintiffs have now requested the court to sever and compel arbitration of the cause filed to 3528 Civil 1988, or, in the alternative, compel arbitration for both actions. The cases arise out of a dispute between the parties as to how much underinsured motorist coverage is available for the plaintiffs. They argue that any proffered election to lower their underinsured motorist benefits was legally and/or contractually infirm and that their underinsured motorist limits should be raised to equal the $300,000 liability limits for each of their three vehicles, for a total of $900,000 of underinsured motorist coverage available under the policy.

In the defendant's response to the plaintiffs' motion for severance and motion to compel arbitration, there are denials or demands for proof of many of the salient facts as set forth in the plaintiffs' petition. Notwithstanding, we are satisfied that, even accept-

ing as true the facts as set forth in the plaintiffs' petition, they are not entitled to the relief sought.

The plaintiffs' petition is a mixture of law and fact. It contains, however, neither the date of the issuance of this policy nor the arbitration clause which is at issue. The substantial record, previously compiled in this case, however, reveals that the subject insurance policy was issued in April of 1986 and reissued annually thereafter. The policy contained the following arbitration clause:

### "Arbitration

"If we and an insured do not agree:

"(1) Whether that person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle; or

"(2) As to the amount of damages, then the matter may be arbitrated. *However, both parties must agree to arbitration.* In this event arbitration shall be conducted in accordance with the provisions of the Pennsylvania Uniform Arbitration Act. Each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:

"(1) Pay the expenses it incurs; and

"(2) Bear the expenses of the third arbitrator equally.

"Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding." (emphasis supplied)

According to correspondence with the Pennsylvania Insurance Department (which has been admitted into the record as part of an exhibit to the plaintiffs' motion to sever and not objected to by the defen-

dant), the department approved the type of arbitration clause at issue.

After the reissuance of the policy in 1988, the Insurance Department, under its broad authority, revised its standard insurance policy language to eliminate the requirement of mutual consent to arbitration similar to that which existed in the Heplers' Liberty Mutual policy. That change became applicable to all policies written on or after June 1, 1988. Mrs. Hepler's accident, however, had occurred on March 19, 1988. In short, at the time of the accident, the parties had contracted pursuant to a valid mutual consent provision.

Even assuming that the mutual consent provision had not been approved by the insurance commissioner, requirements concerning arbitration are regulatory and not statutory. Specifically, the Pennsylvania Code, in Title 31, chapter 63 provides that the Insurance Department will require coverage at a minimum in accordance with 13 Pa. Code 63.2, exhibit C. Admittedly, that provision of the Pennsylvania Code requires arbitration upon written demand of *either* the insured or their insurance company. Thus, the plaintiffs argue that, to the extent that they entered into a contract requiring mutual consent to arbitration, it is contrary to the insurance regulatory scheme in Pennsylvania.

We note first that this is a case involving *underinsured* motorist coverage. The policy language in exhibit C to 31 Pa. Code 163.2(a) deals only with uninsured motorist coverage. Therefore, there does not appear to be any requirement in the statute or regulations concerning arbitration in underinsured motorist situations. Even if there were, however, we are satisfied that a regulatory requirement, particularly one which has become effective only after the parties entered into their contract, is ineffective to compel arbitration in this case. We reach this

conclusion as a result of certain language in cases of the Commonwealth and Pennsylvania Superior courts. While we recognize that these cases are not factually on point, the import of the legal principle pronounced is unmistakable.

In *Commonwealth of Pa. Dept. of Public Welfare v. Prudential Property and Casualty Insurance Co.,* 128 Pa. Commw. 610, 564 A.2d 523 (1989), an action was brought for declaratory judgment seeking reimbursement for payments made by the Department of Public Welfare, through its medical assistance program, from a tender offer of uninsured motorist coverage. One of the arguments made by defendant, Barbara Johnson, the recipient of the welfare benefits and beneficiary of the uninsured motorist coverage, was that her initiation of an arbitration proceeding pursuant to her liability insurance policy, prohibited the Department of Public Welfare from pursuing a declaratory judgment action. Pointing out that the Department of Public Welfare was not a party to any contract of insurance between Johnson and Prudential the court echoed the principle that, although public policy favors arbitration as a matter of settling a dispute, "arbitration is a matter of contract, and it cannot be compelled between parties who have not contracted to arbitrate a particular dispute." *Id.* at 614, 564 A.2d at 525 (citing *Johnson v. Pa. National Insurance Cos.,* 384 Pa. Super. 92, 97, 557 A.2d 789 (1989)).

In *Johnson,* supra, the Superior Court dealt with the situation where the plaintiff had been a passenger in a taxicab struck by a hit-and-run driver. She instituted an action to obtain damages through the taxicab owner's uninsured motorist insurance policy. The defendant, Pa. National Insurance Companies, filed preliminary objections, asserting that the insurance policy required that the plaintiff's claim be submitted to arbitration. The trial court denied

the preliminary objections and the matter was certified for immediate appellate review. Though the plaintiff taxicab passenger was a third party and not, as the plaintiff is here, a party to the contract of insurance itself, nonetheless, we believe that the following language from the *Johnson* case is pertinent.

"Although the policy of Pennsylvania law is to favor arbitration as a method to settle disputes, *Children's Hospital v. American Arbitration Association,* 231 Pa. Super. 230, 234, 331 A.2d 848; 850 (1974), arbitration is a matter of contract and it cannot be compelled between parties who have not contracted to arbitrate the particular dispute. in issue. *Lincoln University v. Lincoln University Chapter of AAUP,* 467 Pa. 112, 354 A.2d 576 (1976); *Cumberland-Perry Area Vocational-Technical School Authority v. Bogar & Bink,* 261 Pa. Super. 350, 396 A.2d 433 (1978). In the absence of an express agreement to arbitrate, a waiver of the right to trial will not be found, as the waiver of such a right must be by a clear, decisive and unequivocal act of a party to a contract who has knowledge of the right being waived. See *Bragg v. State Automobile Insurance Association,* 350 Pa. Super. 257, 504 A.2d 344 (1986). . . .

"The appellant offers the additional contention that the appellee is bound to arbitrate because the insurance contract policy form containing an arbitration clause was allegedly mandated by the Pennsylvania Insurance Commissioner. See 31 Pa. Code §63.2(a). In *Johnson v. The Travelers,* 348 Pa. Super. 278, 502 A.2d 206 (1985), our court was presented with the issue of whether arbitration of an uninsured motorists coverage claim was mandated in an assigned claims plan case, where there was no contract of insurance in existence. The claimant in that case maintained that a relevant regulation re-

14

quired binding arbitration to resolve disputes regarding entitlement to such benefits. In rejecting that argument, our court pointed out the rule that *in the absence of a statutory requirement, arbitration may not be required by regulation.* (emphasis added) See also *Hiller v. Allstate Insurance Co.,* 300 Pa. Super. 149, 151, n.1, 446 A.2d 273, 274, n.1 (1982); *Ellison v. Safeguard Mutual Insurance Co.,* 209 Pa. Super. 492, 229 A.2d 482 (1967). In *Johnson, supra,* our court also noted that *regulations* cannot be read to abridge a party's right to a jury trial where no actual contract exists between the parties. That is certainly the case here. Further, it is evident that there is no *statutory* requirement that the appellee submit her uninsured motorist claim to an arbitration procedure. Compare *Bragg v. State Automobile Insurance Association, supra.* Accordingly we must reject the appellate's contention which is based on administrative regulations promulgated by the insurance commissioner." *Id.* at 97-98, 557 A.2d at 791-792. (footnote omitted) (emphasis in the original)

Surely, if arbitration cannot be compelled with respect to persons who are not parties to a contract, then it cannot be compelled with respect to the parties who have expressly contracted to do wise.

ORDER

And now, March 6, 1991, the plaintiffs' motions for severance and to compel arbitration are denied.