## State Farm Fire & Casualty Company v. Craley

*Teresa Ficken Sachs,* for appellant.
*Daniel E.P. Bausher,* for appellees.

STALLONE, *J.,* September 13, 1995—The appellant, State Farm Fire and Casualty Company and the ap-

pellees, Randall P. Craley, in his own right and as administrator of the estate of JayneAnn Craley and as the parent and natural guardian of Keith P. Craley, and Gloria M. Craley and Lawrence W. Craley, husband and wife, have filed these cross-appeals from the order entered by this court on May 11, 1995.

On July 12, 1993, JayneAnn Craley was killed when the automobile which she was driving was struck by a vehicle being driven by an uninsured motorist. JayneAnn's minor son, Keith P. Craley, and her mother-in-law, Gloria M. Craley, also sustained serious personal injuries as a result of the collision.

JayneAnn Craley was driving a vehicle which she owned and was insured under an insurance policy issued to her by State Farm, no. S56-1104-C17-38A. Her husband, Randall P. Craley, was insured under a separate policy issued to him by State Farm, no. S56-1103-C17-38, for his pickup truck. Gloria M. Craley and her husband, Lawrence W. Craley, who are the parents of Randall P. Craley, were insured under a third policy issued by Prudential Property & Casualty Insurance Company, no. 28-2A670586.

The appellees made claims for uninsured motorist benefits under both State Farm policies and the Prudential policy for the injuries to Keith P. Craley and Gloria M. Craley on the basis that, as family members residing together in one household and, therefore, "resident relatives," they were "insured" for purposes of each of the three policies. State Farm denied the claims made *pursuant to Randall's policy*[1] on the basis of the

---

1. State Farm approved the claim that the estate of JayneAnn Craley was entitled to full uninsured motorists coverage *under JayneAnn's policy,* no. S56-1104-C17-38A, and tendered the policy limits of $15,000 per person/$30,000 per accident to the remaining appellees.

following provision found on page five of the endorsement to Randall's policy:[2]

"THERE IS NO COVERAGE FOR BODILY INJURY TO AN INSURED UNDER COVERAGE U3:[3]

"1. WHILE OCCUPYING A MOTOR VEHICLE OWNED BY YOU, YOUR SPOUSE OR ANY RELATIVE IF IT IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY; . . ."

The appellees requested State Farm to submit this matter to arbitration pursuant to the following clause contained on page three of the endorsement to Randall's policy which provides in pertinent part relative to disputes over uninsured motorist coverage:

"Deciding fault and amount[4]

"Two questions must be decided by agreement between the insured and us:

"(1) Is the *insured* legally entitled to collect damages from the owner or driver of an *uninsured motor vehicle* or underinsured motor vehicle; and

"(2) If so, in what amount?

"If there is no agreement, these questions shall be decided by arbitration at the request of the insured or us. The Pennsylvania Uniform Arbitration Act, as amended from time to time, shall apply . . . ."

---

2. Prudential's similar denial of the claims is the basis of a companion declaratory judgment action filed and docketed to civil action no. 3071-95 A.D. which was dismissed by this court September 13, 1995.

3. "Coverage U3" is defined on page one of the endorsement to both State Farm policies as coverage for damages for bodily injury which the insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.

4. The highlighting of language and underlines in this memorandum opinion are added for emphasis only.

However, State Farm refused this request and, instead, filed the instant action for declaratory judgment on the basis that the appellees were really claiming that the aforesaid "exclusionary" provision as interpreted by State Farm violated the public policy of this Commonwealth and that this was an issue solely within the jurisdiction of this court and, therefore, was not an issue for a board of arbitrators to determine. The appellees subsequently filed preliminary objections to State Farm's complaint for declaratory judgment which this court sustained as follows:

"And now, May 11, 1995, upon consideration of the defendants' preliminary objections to the plaintiff's complaint for declaratory judgment, the court finds as follows:

"(1) The defendants contend that the estate of JayneAnn Craley is entitled to collect uninsured motorist benefits under a policy issued by the plaintiff to defendant Randall P. Craley, policy no. S56-1103-C17-38;

"(2) On page three of the uninsured/underinsured motor vehicle endorsement appended to the Randall P. Craley policy, the plaintiff and defendant Randall P. Craley agreed to submit to arbitration any dispute involving (a) the question of entitlement of the 'insured' to collect damages from the owner or driver of an uninsured motor vehicle and (b) if so, the amount of damages to which the 'insured' is entitled;

"(3) The 'insured' is defined in the endorsement as, inter alia, the spouse of the person listed as the named insured on the policy;

"(4) As a result, JayneAnn Craley was an 'insured' under the policy;

"(5) The policy provides that the Pennsylvania Uniform Arbitration Act, title 42, 42 Pa.C.S.

§§7314(a)(1)(v) and 7315(a)(2) (Supp. 1994) governs resolution of all such disputes;

"(6) Accordingly, any dispute between the parties which is arbitrable is governed by this statute as opposed to common law;

"(7) Where a party contends that a dispute must be submitted to arbitration pursuant to the arbitration clause of an insurance policy, the court must determine (a) whether an agreement for arbitration was entered into and (b) if so, whether the dispute falls within the scope of that agreement. *Flightways Corp. v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A.2d 184 (1975);

"(8) [A]rbitration is a matter of contract[,] and [it] cannot be compelled between parties who have not [agreed] to arbitrate [the issue(s) which are in] dispute. *Commonwealth of Pennsylvania, Department of Public Welfare v. Prudential Property and Casualty Insurance Co.*, 128 Pa. Commw. 610, 614, 564 A.2d 523, 525 (1989);

"(9) The dispute in the instant case falls within the scope of the arbitration clause contained in the endorsement since it involves the entitlement of the estate of JayneAnn Craley to recover uninsured motorist benefits under the policy; and

"(10) Therefore, the defendants are entitled to have this dispute submitted to arbitration.

"Accordingly, it is hereby ordered that:

"(a) The defendants' preliminary objections are hereby sustained and the within declaratory judgment action is dismissed;

"(b) The defendants' petition to compel arbitration docketed to no. 1037-95 A.D. is hereby granted;

"(c) The plaintiff is directed to select its own arbitrator and provide notice thereof to the defendants no later than 30 days from the date of this order;

"(d) Martin W. Binder, Esquire, of 527 Elm Street, P.O. Box 399, Reading, Pennsylvania 19603, is hereby appointed as the third neutral arbitrator;

"(e) A hearing shall be scheduled and held solely on the uninsured motorist claim being asserted by the defendant against the plaintiff no later than 90 days from the date of this order; and

"(f) The uninsured motorist claim against Prudential Property & Casualty Insurance Company, a party respondent to the petition to compel arbitration docketed to civil action no. 1037-95 A.D., shall be pursued in a separate arbitration proceeding to be scheduled and held no later than 90 days from the date that the aforesaid arbitration hearing is held on the defendants' claim against the plaintiff inasmuch as the defendants have not provided this court with any authority for their position that one arbitrator can adequately and properly represent both the plaintiff and Prudential in a consolidated arbitration hearing."

In its appeal, State Farm contends that this court erred in concluding that the dispute should be submitted to arbitration. And in their cross-appeal, the appellees argue that this court erred in ordering that the uninsured motorist claims against State Farm *under Randall's policy* and Prudential be adjudicated in separate arbitration proceedings.

State Farm is not disputing that JayneAnn was and, therefore, her estate is an "insured" *under Randall's policy* inasmuch as she was Randall's spouse. It simply contends that neither the estate nor the remaining appellees are entitled to uninsured motorist coverage *under Randall's policy* on the basis of the exclusion found

on page five of the endorsement to Randall's policy inasmuch as the exclusion is not contrary to public policy.

In all cases where a party contends that a dispute must be submitted to arbitration pursuant to the arbitration clause of an insurance policy, the court must first determine (a) whether an agreement for arbitration was entered into and (b) if so, whether the dispute falls within the scope of that agreement. *Flightways Corp. v. Keystone Helicopter Corp., supra.* Arbitration is a matter of contract and cannot be compelled between parties who have not agreed to arbitrate the issue(s) in dispute. *Commonwealth of Pennsylvania, Department of Public Welfare v. Prudential Property and Casualty Insurance Co., supra.*

There is no doubt that the parties entered into an agreement to arbitrate any dispute involving the right to recover damages and the amount thereof. What is being argued is whether the instant dispute (*i.e.,* whether the estate and the appellees are entitled to recover uninsured motorist benefits under Randall's policy as "resident relatives") falls within the scope of that agreement. For the following reasons, we found that it does and, therefore, it sustained the appellees' preliminary objections.

Arbitration of a dispute is required whenever the insured and the insurer disagree as to when the insured is legally entitled to recover benefits and, therefore, is entitled to coverage. *Brennan v. General Accident Fire and Life Assurance Corp.,* 524 Pa. 542, 574 A.2d 580 (1990). Our state appellate and federal courts have broadly interpreted *Brennan* and have concluded that issues involving both the existence and extent of coverage must be submitted to arbitration unless the arbitration clause specifically excludes such coverage is-

sues from the scope of arbitration. *Nationwide Insurance Co. v. Patterson,* 953 F.2d 44, 47 (3rd Cir. 1991); *Aetna Casualty & Surety Co. v. Hameen,* 758 F. Supp. 1049, 1051 (E.D. Pa. 1990); *Lamar v. Colonial Penn Insurance Co.,* 396 Pa. Super. 527, 578 A.2d 1337 (1990). The arbitration clause in the case at bar specifically requires that any dispute as to whether an insured is legally entitled to collect uninsured motorist benefits and, therefore, coverage be submitted to arbitration. Therefore, we hold that this dispute must be submitted to arbitration.

Finally, the appellees argue that the uninsured motorist claims against State Farm and Prudential should be adjudicated together in a single, consolidated arbitration proceeding. However, they have not provided this court with any authority for their position. Furthermore, there is no evidence in the record that State Farm and Prudential have agreed to jointly arbitrate this dispute. As a result, we conclude that Prudential should not be compelled to participate in a consolidated arbitration proceeding.

And so, for the foregoing reasons, we reaffirm our May 11, 1995, order and respectfully urge the Superior Court of Pennsylvania to deny the cross-appeals.