## Miller, Appellant, *v.* The Travelers Insurance Company.

Argued October 31, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*E. Thornton Jackson, Jr.,* for appellant.

*Paul Maloney,* with him *Charles E. Kenworthey,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1941:

The plaintiff appealed from a judgment entered against her by the court below for want of a sufficient reply to new matter contained in the defendant insurance company's affidavit of defense.

The facts appear from the pleadings and are not in dispute. Defendant issued two group insurance policies to the Lehigh Valley Railroad Company; the first

Number GA-212, issued April 1, 1922, known as a group *accident* policy, insured employees of the railroad against certain accidental injuries and also covered accidental death; the second, No. G-7409, issued June 1, 1933, was a group *life* policy covering railroad employees who joined the plan and authorized premium payments to be deducted from their wages. Plaintiff's statement averred that she is the beneficiary named in the certificates issued under these two policies naming her husband as an insured in the amount of $1,000 on each policy; that the policies were renewed each year and that her husband died an accidental death on July 14, 1937, while both policies were in force, entitling her to $2,000 under the terms thereof.

Defendant admitted the execution of the policies, and all other pertinent facts set forth in plaintiff's statement, but by way of defense set up new matter, averring the two group policies had been canceled as of July 1, 1937, by mutual agreement entered into May 26, 1937 between defendant and the Lehigh Valley Railroad Company, and that notice of the prospective cancellation was given to all employees of the railroad, including plaintiff's husband, on June 2, 1937.

Plaintiff's reply in lieu of a demurrer admitted the facts relative to cancellation of the policies contained in defendant's new matter, but denied the cancellation was effective as a matter of law, since made without the insured employee's consent.

(1.) Appellant's first position is that the employee named in the certificate had such a vested interest as a beneficiary of the contract between the insurance company and his employer that he could not be deprived thereof without his consent—hence the attempted cancellation was ineffective.

Neither of the master policies contains any express clause dealing with conditions of cancellation. Each certificate, life and accident, issued to the employee

provided that he was insured under and subject to the terms, conditions and provisions of a policy of group insurance issued and delivered to Lehigh Valley Railroad Company, during the continuance of the policies.

It has been uniformly held, in decisions dealing with group life and accident insurance policies substantially similar to those here involved, that the insurer and the employer are the primary contracting parties. Whether or not a policy shall continue depends on their will. It is not within the power of the beneficiary to keep a group contract of insurance in force or to abrogate it. The insured employee or his beneficiary have no greater rights than are provided in the policy, certainly no vested right which would prevent cancellation by mutual agreement between the insurer and the employer, especially where reasonable notice of cancellation is given to the employee. A third party beneficiary in an ordinary contract is subject to the limitation of its terms as he has no greater rights under it than are provided in the contract itself: Restatement of the Law, Contracts, §140; *Grim et al. v. Thomas Iron Co.*, 115 Pa. 611, 8 A. 595; *Thull v. Equitable Life Assur. Soc.*, 178 N. E. 850, 851.

In *Lancaster v. The Travelers Ins. Co.*, (Ga.), 189 S. E. 79, the suit was by an employee claiming disability benefits as of June 9, 1933, under a master or group policy which had been previously canceled by agreement between the insurer and the employer on its anniversary date. The employee refused to surrender his policy and continued to pay the employer the amount he had been paying under the policy, but the premiums were not forwarded to the insurance company. In affirming a judgment on a directed verdict for defendant, the court held that the employer was not the agent for the insurance company, and that the holders of the certificates issued thereunder had no vested

right to a continuation of such policy over the objection of the employer.

In *Davis v. Metropolitan Life Ins. Co.,* (Tenn.), 32 S. W. 2d 1034, the City of Knoxville insured its employees under a group life policy issued by the Metropolitan Company. The city and the insurer agreed upon cancellation of the policy as of midnight June 21, 1927. An employee died July 21, 1927, one day before the expiration of the thirty-one day grace period which was contained in the policy and relied upon by the plaintiff. In ordering judgment for the defendant insurance company in the suit brought by the beneficiary named in the certificate the Supreme Court held that the policy was applied for by, and issued to, the employer; that the power of cancellation was in the city and its action was binding on its employees; that the insuring company had no direct contractual relations with the several individual employees of the city holding certificates issued under the policy; that it is the employer who pays the premiums to the company, and there is no liability therefor to the company on the part of the individual employees. See, also, *Austin v. Metropolitan Life Ins. Co.,* (La.), 142 So. 337; *Missouri State Life Ins. Co. v. Hinkle,* (Tenn.), 74 S. W. 2d 1082; *Watkins v. Metropolitan Life Ins. Co.,* (La.), 174 So. 885; *Thull v. Equitable Life Assur. Soc.,* supra, Group Insurance, 55 A. L. R. 1245, 1252.

The life insurance policy before us is for a distinct form of insurance differing in many if not most of its aspects from the ordinary life insurance, where usually a beneficiary may acquire a vested interest. Under group insurance the employer acts for itself or himself, as the case may be, and on behalf of employees in order that they may obtain cheap insurance, thus rendering the employees a service. The employer receives no compensation from the insurance company and is not its agent.

In the two conflicting lower court decisions dealing with the disputed questions in the instant case (*Stoner v. Equitable Ins. Assn.*, 28 Dauphin Co. Rep. 235, and *Dale v. Aetna Life Ins. Co.*, 19 D. & C. 293) the former case is more in line with the prevailing authority in other jurisdictions.

The master policies here involved are what is known as term insurance. That form provides that payments of premiums shall be made on or before the due date and the policy shall not remain in force beyond that date, except that the employer is generally granted a grace period after the payment of the first premium. These policies had no cash reserve, extension of insurance, surrender or paid in value and were based upon a correspondingly low rate. The beneficiary (employee) had no interest in them except that he could have converted his life certificate into another form of a life insurance policy within the limited period: *Magee v. Equitable Life Assurance Society*, (N. D.), 244 N. W. 518, 521, 85 A. L. R. 1457, 1460; *Johnson v. Metropolitan Life Ins. Co.*, (Ga.), 184 S. E. 392, 394.

Here the insured received twenty-eight days notice of the intended cancellation and in that interim took no steps to avail himself of the right to subscribe to other insurance. Neither the insured employee nor his beneficiary were deprived by the cancellation of any right given them under the terms of the master policies or the certificate.

(2). That brings us to the appellant's second contention. The group life policy, alone, contained the following statement regarding days of grace under "Provisions": "9. Grace Period:—A grace of thirty-one days during which the policy will remain in full force will be allowed for the payment of all premiums except the first." Appellant relies upon this clause in support of her position that this policy was in force for one month subsequent to July 1, 1937 (which would

include July 14, 1937, the date of death), when the cancellation became effective. Although the clause does not expressly so provide, it is clear that the grace period relates to premiums payable by the employer to the insurance company, although partially made up of contributions from the employees' wages.

The argument that days of grace operate to keep alive a group insurance policy which has been cancelled as of a certain date by mutual agreement between the insurer and the employer, has been uniformly rejected: *Johnson v. Metropolitan Life Ins. Co.*, supra; *Davis v. Metropolitan Life Ins. Co.*, supra; *Venditto v. Spratt's Patent*, (N. J.), 174 A. 697. A grace period does not contemplate free insurance, or operate to continue the policy in force after it expires by agreement of the parties. The policy ceased to exist in this case prior to the death of the insured and the certificate issued was no longer binding on the insurance company; all obligations between the parties were at an end: *Davis v. Metropolitan Life Ins. Co.*, supra.

Although in the Johnson case the cancellation was made as of the anniversary date, at the end of the year, there is no principle which requires a policy to be canceled only on its anniversary date, nor any provision in either of the policies in suit which would prevent cancellation as of the end of any month when the premiums were payable. This cancellation agreement itself provided for a pro rata adjustment of the premium.

The provision in the accident policy as to "Termination of Insurance" that coverage should end, (1) when the employment ended, or "(2) ...... on the last day of any month for which the employee shall not have paid to the Employer, ...... the required amount to apply toward the premium ......" plainly does not deal with the present situation where the employer and insurance company canceled by agreement as of a certain date.

For the reasons above mentioned we conclude that

the cancellation agreement of May 26, 1937, between the railroad and the insurance company, effected a termination of plaintiff's rights as beneficiary as of July 1, 1937, prior to insured's death, and the court below was correct in entering judgment for the insurance company on the pleadings.

As appears by stipulation of the parties, Clause 3 of the "Conditions and Provisions" of the group accident policy, only, contained the following limitation regarding the bringing of an action on the policy: "Immediate written notice, with full particulars and full name and address of the insured employee, shall be given by the Employer to the Company of any accident, injury or loss for which claim shall be made. No legal proceedings for recovery hereunder shall be commenced within three months nor after one year from the date of any loss for which the Company shall be liable." Plaintiff's husband died July 14, 1937, but the present suit was not instituted until more than two years thereafter or on November 15, 1939.

In view of our conclusion however, that both policies were effectively canceled prior to the insured employee's death, it is unnecessary to discuss the limitation feature of the case.

The judgment is affirmed.