557 A.2d 789

**Arzenia Delarosa JOHNSON, Appellee,**

v.

**PENNSYLVANIA NATIONAL INSURANCE COMPANIES, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1988.

Filed April 27, 1989.

Louis C. Long, Pittsburgh, for appellant.

John P. Lydon, Pittsburgh, for appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Plaintiff–Appellee, Arzenia Delarosa Johnson, was allegedly injured when the taxicab in which she was a passenger was struck by a hit and run driver. She instituted this action to obtain damages through the taxicab owner's uninsured motorist insurance policy. The Defendant–

Appellant, Pennsylvania National Insurance Companies, filed preliminary objections, asserting that the insurance policy required that the Plaintiff's claim be submitted to arbitration. The judge who considered this matter denied the preliminary objections, based upon an earlier decision in a similar factual setting by another judge of the Court of Common Pleas of Allegheny County.[1] However, the trial court certified this matter as appropriate for immediate appellate review, and our Court has granted the Appellant's request that we consider its interlocutory appeal.

■ The issue presented is whether the Plaintiff, who was not a party to the insurance contract, is bound by the provisions of that agreement which require the arbitration of a claim for uninsured motorist benefits.[2] The arbitration provisions of the policy state:

 a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or an "underinsured motor vehicle" or do not agree as to the amount of damages, either party may make a written demand for arbitration. Each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

 b. Arbitration shall be conducted in accordance with the Pennsylvania Uniform Arbitration Act. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of

---

1. The trial court cited *Yudacufski v. Commonwealth, Department of Transportation*, 499 Pa. 605, 454 A.2d 923 (1982) as authority for the proposition that he was bound by the legal determinations of a colleague of the same Common Pleas Court when presented with the same factual setting. In the instant case, the trial court felt bound by determinations reached in *Jones v. Insurance Company of North America*, No. GD 86–12368 (Alleg. Co.).

2. It is not disputed that the Plaintiff is entitled to uninsured motorist coverage benefits under the policy.

law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

In support of its position that the Plaintiff is bound by such arbitration procedures, the Appellant insurer points out that the Plaintiff–Appellee is a third party beneficiary of the insurance contract. As such, it maintains that she is subject to the terms of the contract, and enjoys no greater rights under it than the contract provides. As authority for that position, the insurer cites *Miller v. Travelers Ins. Co.*, 143 Pa.Super. 270, 17 A.2d 907 (1941). In that case, a beneficiary sought life insurance benefits under employee group policy coverages which had been terminated by the employer and the insurer prior to the decedent's death. While the general principle enunciated in that decision is still sound, it is clearly inapposite as precedent in the instant case. Here no issue is presented as to the Plaintiff's entitlement to benefits which are provided in a policy which was in existence and applicable to her claim. Rather, the question is whether she is bound to a procedure for collection of such benefits which is in derogation of her rights to pursue collection through a suit initiated in the Court of Common Pleas. The *Miller* holding simply does not address that issue.

The insurer further argues that the question involved in this appeal may be resolved by reference to the decision of our Court in *Flamini v. General Accident Fire and Life Assurance Corporation,* 328 Pa.Super. 406, 477 A.2d 508 (1984). That case involved claims for uninsured motorist insurance benefits by a police officer who was injured when a hit and run vehicle struck the police car in which he was seated. The insurance contract existed between the insurer and the township which employed the officer. The Appellant relies upon the following language from the *Flamini* decision:

Appellant, injured while occupying a Township police vehicle covered under the subject policy, derives his claim

only from his status as a third party beneficiary of the uninsured motorist provision in the policy. Although appellant is a "person making claim" under the arbitration provision, he is not a party to the contract and has sacrificed nothing to secure his contract right. As such, appellant's contract right in the policy is subject to any limitations imposed by law or inherent in the policy.

*Id.*, 328 Pa.Superior Ct. at 415, 477 A.2d at 512.

Taken in the limited context in which it is offered by the insurer, such a general proposition would seem to provide strong support for the insurer's position on this appeal. However, because of the dissimilarity of the question before our Court in *Flamini*, and that presented in the instant case, and also because of the well-established law in our Commonwealth on the issue of whether a party can be mandated to arbitrate a dispute rather than seeking to enforce his claimed rights in a suit, we must reject the Appellant's contention that the *Flamini* decision provides guiding authority for our disposition in the instant case.

In *Flamini* the officer pursued his claims by arbitration. No issue was presented as to whether he was compelled to do so, either by law or by the terms of the contract. Rather, the relevant question before our Court was whether the arbitration was to be considered common law arbitration or statutory arbitration, for purposes of determining the appropriate scope of review of the arbitration decision. It was held that it was not common law because statutory arbitration was mandated by the Arbitration Act of 1927 under any contract in which the Commonwealth or one of its subdivisions was a party.[3] It was in the resolution of that problem that our Court noted that the claimant's contract rights, as a third-party beneficiary, were subject to

**3.** The Arbitration Act of 1927 (Act of April 25, 1927, P.L. 381, No. 248, as amended, 5 P.S. § 161, et seq.) was repealed by the JARA Continuation Act of 1980 [Act of October 5, 1980, P.L. 693, No. 142, § 501(a)]. Statutory arbitration is now provided in the Judicial Code (42 Pa.C. S.A. § 7301, et seq.).

limitations imposed by law or inherent in the policy. We do not find that such a declaration compels us to reach the conclusion sought herein by the Appellant.

In *Flamini,* our Court also addressed the question of stacking of coverages. In the discussion on that point, it was pointed out that the claimant was a "class two" claimant, who had no recognizable contractual relationship with the insurer.[4] The same lack of contractual relationship is apparent between the Plaintiff and the Defendant in the instant case. Our recognition of that status, and the clear guidance of other directly applicable precedents, led to our conclusion that the Plaintiff cannot be required to arbitrate her uninsured motorist claims against the Defendant.

 Although the policy of Pennsylvania law is to favor arbitration as a method to settle disputes, *Children's Hospital v. American Arbitration Association,* 231 Pa.Super. 230, 234, 331 A.2d 848, 850 (1974), arbitration is a matter of contract, and it cannot be compelled between parties who have not contracted to arbitrate the particular dispute in issue. *Lincoln University v. Lincoln University Chapter of AAUP,* 467 Pa. 112, 354 A.2d 576 (1976); *Cumberland–Perry Area Vocational–Technical School Authority v. Bogar & Bink,* 261 Pa.Super. 350, 396 A.2d 433 (1978). In the absence of an express agreement to arbitrate, a waiver of the right to trial will not be found, as the waiver of such a right must be by a clear, decisive, and unequivocal act of a party to a contract who has knowledge of the right being waived. See *Bragg v. State Automobile Insurance Association,* 350 Pa.Super. 257, 504 A.2d 344 (1986). Further, an insured automobile owner, in agreeing to a contract in the form of an insurance policy, has no legal right or authority to bind an unrelated third party in the manner suggested by the insurer in this case. See *Solis v. Prudential Property*

---

4. See *Utica Mutual Insurance Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984) on the classifications of claimants as "class one", "class two", or "class three".

*& Casualty Insurance Company,* 344 Pa.Super. 284, 496
A.2d 797 (1985). Based upon such well-recognized concepts,
we cannot adopt the Appellant's argument that the Appel-
lee, who is not a party to the insurance agreement, is bound
by the contract's arbitration procedure to resolve her claim
dispute.

The Appellant offers the additional contention that the
Appellee is bound to arbitrate because the insurance con-
tract policy form containing an arbitration clause was alleg-
edly mandated by the Pennsylvania Insurance Commission-
er. See 31 Pa.Code § 63.2(a). In *Johnson v. The Travel-
ers,* 348 Pa.Super. 278, 502 A.2d 206 (1985), our Court was
presented with the issue of whether arbitration of an unin-
sured motorists coverage claim was mandated in an As-
signed Claims Plan case, where there was no contract of
insurance in existence. The Claimant in that case main-
tained that a relevant regulation required binding arbitra-
tion to resolve disputes regarding entitlement to such bene-
fits. In rejecting that argument, our Court pointed out the
rule that in the absence of a statutory requirement, arbitra-
tion may not be required by regulation. See also *Hiller v.
Allstate Insurance Co.,* 300 Pa.Super. 149, 151, n. 1, 446
A.2d 273, 274, n. 1 (1982); *Ellison v. Safeguard Mutual
Insurance Co.,* 209 Pa.Super. 492, 229 A.2d 482 (1967).[5] In
*Johnson, supra.,* our Court also noted that *regulations*
cannot be read to abridge a party's right to a jury trial
where no actual contract exists between the parties. That
is certainly the case here. Further, it is evident that there
is no *statutory* requirement that the Appellee submit her
uninsured motorist claim to an arbitration procedure. Com-
pare *Bragg v. State Automobile Insurance Association,*

5. We recognize some contrary authority on this issue. See *Prudential
Property and Casualty Insurance Company v. Muir,* 99 Pa.Cmwlth. 620,
513 A.2d 1129 (1986), a case in which an insurer challenged the
authority of the Insurance Commissioner to promulgate a form policy
requiring arbitration of uninsured motorist claims. However, we
need not attempt to resolve any issue regarding the authority of the
Commissioner, on that point, in order to address the merits of the
instant appeal, and we decline to do so.

*supra.* Accordingly we must reject the Appellant's contention which is based on administrative regulations promulgated by the Insurance Commissioner.

The Order of the trial court is affirmed, and the case is remanded to the trial court for further proceedings. Jurisdiction is not retained.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting opinion:

I dissent from the majority's view that the insurance policy's arbitration clause is not binding on the Appellee. Where liability is premised upon a contract, as it is here, the options available to a person seeking benefits under that contract are circumscribed by the provisions which comprise that contract. Appellee argues that she never entered into an arms length contract with the insurance company, and that she should not, therefore, be subject to limitations imposed by that contract. She, and it appears to me, the majority, overlook the fact that the insurance company and the taxi company did enter into such a contract, and it is only because they did that she is able to claim any benefits from the insurer here. The insurance policy lists among the persons who are insured, "anyone else occupying a covered auto." This clause indicates that the possibility of a third party bringing a claim was within the contemplation of the parties to the contract. Since the plaintiff is an insured, she is subject to the arbitration clause, and, absent express authority otherwise, the arbitration clause should be enforced. The smorgasbord approach to contract provisions is not something which should be encouraged or tolerated. Appellee derives her right to claim benefits from this contract; she cannot claim that right and at the same time, reject those provisions of the contract which are equally valid but in her view unappealing. I would reverse the trial court order denying the insurer's preliminary objections and would grant those same preliminary objections.