## Kalata v. Erie Insurance Co.

*Carole F. Kafrissen,* for plaintiff.
*Christopher W. Gittinger,* for defendants.

WALLITSCH, *J.,* July 22, 1991—We have before us for disposition, defendants' motion for partial summary judgment, requesting the court to determine the extent of the limits of uninsured motorist coverage when the plaintiff files a lawsuit to recover such benefits rather than using the arbitration procedure required by the insurance policy. A search of the reported case law of this Commonwealth fails to reveal any reported cases on the issues raised by this motion.

Plaintiff, John Kalata, filed this action for uninsured motorist benefits against the operator of the motor vehicle, Moufid R. Rizk, in which Kalata was a passenger, as well as against the insurer of that motor vehicle, Erie Insurance Co. Erie insured this vehicle under a contract of insurance with the owner of automobile, Michael R. Rizk. Apparently on the day of the accident, June 3, 1987, the operator, Moufid R. Rizk, was driving the vehicle with the consent of the policyholder, Michael R. Rizk. The accident, causing injuries to the plaintiff, was allegedly caused by the negligence of an uninsured operator who is not a party to the lawsuit.

The insurance policy issued by Erie contains a clause requiring arbitration for disputes regarding uninsured motorist benefits. Rather than pursuing uninsured motorist benefits through arbitration provided for in the policy of insurance, the plaintiff has brought this lawsuit in the Court of Common Pleas of Lehigh County.

In their motion for partial summary judgment, defendants contend that because plaintiff chose to pursue this cause of action in the Court of Common Pleas rather than pursuing his claim under arbitration, the plaintiff is not entitled to pursue recovery in excess of $15,000, the mandatory minimum offering of uninsured motorist benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1731 et seq. It is defendants' position that because plaintiff failed to abide by one clause of the contract, the arbitration clause, plaintiff should not be able to benefit from or enforce another clause in the contract, the increased coverage clause.

The plaintiff counters by stating that, pursuant to *Johnson v. Pa. National Insurance Cos.,* 384 Pa. Super. 92, 557 A.2d 789 (1989), *allocatur granted,* 524 Pa. 597, 568 A.2d 1248 (1989), he is entitled to pursue his cause of action in the Court of Common Pleas rather than being required to pursue same by arbitration set forth in the insurance policy. Further, plaintiff maintains that his decision to pursue a cause of action in this court does not result in a waiver of his right to seek the full uninsured coverage of $100,000 under the policy.

The standard of review for a motion for summary judgment is adequately set forth in the language of the applicable rule:

"Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b).

As previously noted, defendants believe they are entitled to a partial summary judgment because there is no genuine issue as to the limits of uninsured motorist coverage and that, as a matter of law, such coverage may not be in excess of the $15,000 mandatory minimum offering under the Pennsylvania Motor Vehicle Financial Responsibility Law.

Defendants argue a position which they maintain is a logical extension of *Johnson v. Pa. National Insurance Cos., supra.* In *Johnson,* the Superior Court held that a passenger in a taxi who is not a party to a contract between the insured taxi cab owner and an uninsured motorist insurer, was not bound by the provisions of the insurance policy which required arbitration of a claim for uninsured motorist benefits. Therefore, defendants contend that, should a plaintiff choose not to arbitrate, the plaintiff should not be entitled to other benefits which may be provided for in other clauses of the contract, including the increased benefit for uninsured motorist coverage. Although we find defendants' argument to be quite intriguing, for the reasons expressed within, we are unable to agree and, therefore, will deny defendants' motion.

It first seems appropriate to review the content of the insurance policy concerning the individuals to be protected by the uninsured motorist coverage. Besides the insured, the policy "protects" (1) "any relative" (as defined in the policy), (2) "anyone else while occupying any auto we insure," and (3) "anyone else who is entitled to recover damages because of bodily

injury to any person protected by this coverage." (See "auto endorsement" relating to uninsured/underinsured motorists coverage of the policy attached to plaintiff's amended complaint.) It is undisputed that under this policy, the insured, Michael R. Rizk, paid increased premiums in order to have uninsured motorist coverage in the amount of $100,000, rather than in the statutorily required limits of $15,000. It is this $100,000 that plaintiff contends he may pursue under the terms of this policy.

When an insured purchases an insurance policy with his selected coverage limits, he presumably wants all others "protected" by the policy to be covered to the same extent that he is. Here, the policy also protects "anyone else, while occupying any auto we [Erie] insure[s]." Therefore, the insured, Michael R. Rizk, wanted and paid for $100,000 of uninsured motorist coverage, not only for himself, and his relatives, but also for "anyone else occupying any automobile" insured by Erie, including the plaintiff. Erie agreed to this coverage, indeed it wrote the policy, and accepted premiums for this increased coverage.

Concluding, as we must, that the insured and Erie intended the plaintiff to be protected to the extent of the increased limits, we then turn to the question as to whether, under current case law, Erie should be permitted to reduce that protection because plaintiff refused to use arbitration mandated in the insurance policy. The Superior Court in *Johnson, supra,* held that an insurance company cannot bind a person who is not an actual party to the policy to arbitration. In the absence of an express agreement to arbitrate, there can be no waiver of the right to a trial since such waiver

must be by a clear, decisive and unequivocal act of a party to a contract who has knowledge of the right being waived. See also, *Bragg by Bragg v. State Automobile Insurance Association,* 350 Pa. Super. 257, 504 A.2d 344 (1986). It seems contrary to logic to believe that the insured, who paid an increased premium to protect those riding in his vehicle, would reasonably want, or that the insurer who accepted the premium would reasonably expect, those protected to give up a right to which they would otherwise be entitled.

Although the defendants argue that their position is a logical extension of the *Johnson* case, we believe that their position would turn *Johnson* on its head. *Johnson* held that the plaintiff can bring an action in the Court of Common Pleas. Yet, if we were to accept the defendants' argument herein, it would be a Pyrrhic victory indeed, if, by permitting the plaintiff to bring his action in the Court of Common Pleas, he would thereby be limiting himself to $15,000 worth of benefits. The policy holder and the insurance company agreed to provide $100,000 of coverage for all those "protected" in return for an increased premium. It would be a meaningless right to be permitted to bring the action in court but then only be able to recover a fraction of what the insured and insurance company agreed to provide to those riding in the insured automobile.

There is no dispute that, had the plaintiff chosen to pursue arbitration under the terms of the policy, instead of filing the within action, he could have pursued his action under the increased policy limits in existence. If we were to follow defendants' argument, a person who proceeds to arbitration could collect higher policy

limits provided sufficient damages could be proven, but another who files an action in court could not. We believe that such a result would not be logical because the person in the latter situation is merely pursuing an option that our Superior Court has stated is available to him. Furthermore, reaching such a result creates a situation which we believe violates the intent behind the uninsured motorist provisions of the Motor Vehicle Financial Responsibility Act, to provide coverage, to the extent agreed to between the policy holder and the insurance company, for losses due to the negligence of uninsured motorists.

Therefore, for the foregoing reasons, we must deny defendants' motion for partial summary judgment. Accordingly, plaintiff is entitled to recover uninsured motorist benefits under the instant policy limits of $100,000, provided that he can establish the remaining prerequisites to recovery pursuant to the policy.

## ORDER

And now, July 22, 1991, after oral argument and upon consideration of the briefs of the parties.

It is ordered that defendants' motion for partial summary judgment is denied.