**Anna LOMBARDO, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 91–0793.**

United States District Court, E.D. Pennsylvania.

Feb. 27, 1992.

Marla Welker, Mychak, Geckle & Welker, P.C., Philadelphia, Pa., for plaintiff.

John W. Ashley, Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This is an automobile insurance case in which defendant has moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Plaintiff has responded. Following an order for additional briefing, defendant filed a second motion to dismiss, to which plaintiff responded, but defendant was vague about the procedural grounds for this second motion. For the reasons given below, I will treat the second motion as part of the first, and treat both motions as a 12(b)(6) motion. I will dismiss the complaint without prejudice and with leave to amend in accordance with this memorandum and order.

### (I)

On July 26, 1987, while riding as a passenger in a car, plaintiff Anna Lombardo was injured in a "hit and run" car accident. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") insured the driver of the car carrying plaintiff. Plaintiff made a timely claim for uninsured motorist benefits under the policy and defendant offered to settle the claim for an amount plaintiff rejected as insufficient. Plaintiff asserts that this low offer and other aspects of defendant's conduct amounts to bad faith insurance practices, and has filed suit for damages under the contract and extraordinary damages as a result of defendant's allegedly bad faith conduct. Plaintiff's cause of action for bad faith was created by 42 Pa.C.S.A. § 8371 which became effective on July 1, 1990. As will be discussed more fully below, this statute cannot be applied retroactively and the timing of events therefore becomes crucial to the resolution of this case.

Plaintiff alleges that defendant handled her claim in bad faith by offering to settle the claim for too little money. Plaintiff claims that when defendant made this offer, defendant's employee acknowledged that defendant was making the offer with the knowledge that there was no cause of action for bad faith insurance practices in Pennsylvania. Plaintiff also alleges that defendant's employee made inappropriate personal comments about Ms. Lombardo.

Each party appointed an arbitrator in accordance with the arbitration provisions of the insurance contract, but they could not agree on a third, neutral arbitrator. Plaintiff notified defendant that she was going to forego the arbitration proceedings and file a suit directly against defendant. Plaintiff's grounds for circumventing the arbitration clause and taking her claim straight to court was the Pennsylvania Superior Court decision in *Johnson v. Pennsylvania National Insurance Companies*, 384 Pa.Super. 92, 557 A.2d 789 (1989). Plaintiff claims that after she notified defendant of her plans, defendant obtained an ex parte order from the Court of Common Pleas appointing an arbitrator beneficial to defendant. Plaintiff claims that defendant acted in bad faith in these state court proceedings.

The Court of Common Pleas entered the order enjoining plaintiff from filing suit and appointing an arbitrator. Plaintiff appealed and the Superior Court vacated the order and remanded the case to the trial court. Defendant did not pursue its state case and plaintiff then filed this action in February, 1991. Since obtaining the Court of Common Pleas order, defendant apparently has taken no action except to defend the appeal, defend this lawsuit, and maintain that its initial settlement offer was valid. Plaintiff has not made any specific allegations that defendant has taken any action after July 1, 1990 that would constitute an act of bad faith.

### (II)

Plaintiff's complaint is somewhat unclear, but it appears to state three claims for relief: (1) bad faith, (2) damages pursu-

ant to 42 Pa.C.S.A. § 8371, and (3) "deceptive, unfair, fraudulent" acts in violation of the Unfair Insurance Practices Act ("UIPA"), 40 P.S. § 1171.1 et seq.[1] Defendant filed an answer denying plaintiff's claims. In its motion, defendant presents four reasons why the complaint should be dismissed. First, defendant maintains that plaintiff is not entitled to relief under the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq. Second, defendant claims plaintiff is not entitled to pursue any claims for bad faith conduct or punitive damages. Third, defendant argues that 42 Pa.C.S.A. § 8371 is not applicable to this case because it cannot be applied retroactively. Finally, defendant argues in the alternative that the maximum amount recoverable under the contract is $15,000. Since the breach of contract claim will be dismissed, this fourth argument need not be addressed. Plaintiff argues that the Court should decide in her favor on defendant's first three arguments.

### (III)

▪ Rule 12(c) of the Federal Rules of Civil Procedure provides in relevant part that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[2] Rule 12(c) may be used as a vehicle for raising various 12(b) defenses after the pleadings are closed. 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1367, 514 (1990). The arguments defendant raises in its two motions to dismiss are essentially arguments that plaintiff has failed to state a cause of action upon which relief can be granted. "Although few federal courts have spoken to this point, presumably the court will apply the same standards for granting the appropriate relief as it would have employed had the motion been brought under Rules 12(b)(1), (6) or (7) or under Rule 12(f). *Id.* at 515; *Ad–Hoc Committee of the Baruch Black and Hispanic Alumni Assoc. v. Bernard M. Ba-*

*ruch College*, 835 F.2d 980, 982 (2nd Cir. 1987) (12(b)(6) standards applicable to 12(c) motion); *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir.1980) (12(c) motion properly treated as a 12(b)(6) motion). Accordingly, I will treat defendant's motion as one for dismissal under Rule 12(b)(6).

The Third Circuit has articulated the 12(b)(6) standard as follows: "[t]he court is reviewing the dismissal of the complaint for failure to state a claim on which relief can be granted. Rule 12(b)(6), Fed.R.Civ.P. The applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3rd Cir.1989).

### (IV)

In her complaint, plaintiff does not clearly state her causes of action, but appears to make the three claims for relief noted above. In deciding the motion to dismiss, the Court must accept as true the facts stated in the complaint and all reasonable inferences—favorable to the non-movant— that can be drawn from those facts.

Read in a permissive light, the complaint contains legal theories and allegations of fact that could be read as giving rise to six possible causes of action: (1) breach of contract, (2) violation of the Unfair Insurance Practices Act ("UIPA"), 40 P.S. § 1171.1 *et seq.*, (3) common law deceit, (4) violation of the Unfair Trade Practices and Consumer Protection Law ("CPL"), 73 P.S. § 201–1 *et seq.*, (5) breach of the *Dercoli* duty of good faith and fair dealing, and (6) violation of 42 Pa.C.S.A. § 8371. An examination of each of these possible theories of recovery shows that plaintiff has failed to state a claim upon which relief may be granted with regard to the first five, however, the sixth theory may possibly provide

---

**1.** Plaintiff also claims she is entitled to punitive damages and reasonable attorney fees under 42 Pa.C.S.A. § 2503.

**2.** Matters outside the pleadings have not been presented, so the motion will not be treated as a motion for summary judgment under Rule 56. Fed.R.Civ.P. 12(c).

grounds for relief. The complaint must therefore be dismissed with leave to amend as to the section 8371 claim for relief. Since I do not have jurisdiction to hear the breach of contract claim, I need not reach defendant's argument that its liability under the insurance contract should be limited to $15,000.

## A) *Breach of Contract*

■ Plaintiff's decision to abandon the arbitration process and proceed directly to litigation was based on the opinion of the Pennsylvania Superior Court in *Johnson v. Pennsylvania Nat'l Ins. Co.*, 384 Pa.Super. 92, 557 A.2d 789 (1989). The Superior Court ruled that a injured passenger in the insured's car was not bound by the arbitration clause of the policy when making a claim for underinsured or uninsured benefits. Subsequently, however, the Pennsylvania Supreme Court overruled the Superior Court. *Johnson v. Pennsylvania Nat'l Ins. Companies*, 527 Pa. 504, 594 A.2d 296 (1991). The Supreme Court ruled that an injured passenger in the insured's car is bound by the arbitration clause of the insurance contract because she is a third-party beneficiary of the insurance contract. The facts in *Johnson* are almost identical to those in plaintiff's case. Accordingly, plaintiff is bound by the arbitration clause in the insurance contract between defendant and its insured. To the extent that the complaint states breach of contract as one of plaintiff's claims for relief, it must be dismissed.

## B) *Unfair Insurance Practices Act*

■ It is well settled that the UIPA does not provide a private right of action. *Liberty Mutual Ins. Co. v. Paper Mfg. Co.*, 753 F.Supp. 156, 159 (E.D.Pa.1990). Therefore, to the extent the complaint relies on the UIPA as grounds for relief, plaintiff fails to state a claim upon which relief can be granted. Plaintiff asserts that she cites the UIPA in her complaint merely as a standard of conduct against which defendant's allegedly bad faith conduct can be measured. The Pennsylvania Superior Court dismissed a similar argument in *Gordon v. Pennsylvania Blue Shield*, 378 Pa.Super. 256, 548 A.2d 600 (1988), when

the plaintiff in that case tried to present a UIPA violation as grounds for a CPL cause of action. The Superior Court stated that to determine the CPL issue, it would first have to determine if the UIPA had been violated. *Id.* 548 A.2d at 603. Since the court did not have the jurisdiction to determine if the UIPA been violated, the court could not determine the CPL claim. *Id.* Therefore, plaintiff cannot assert a UIPA violation as grounds for recovery under another theory like the CPL, 42 Pa. C.S.A. § 8371, or common law theories.

## C) *Common Law Deceit*

■ In *Pekular v. Eich*, 355 Pa.Super. 276, 513 A.2d 427 (1986), and its subsequent line of cases, the Superior Court stated that the UIPA does not bar actions for common law fraud and deceit. *Id.* 513 A.2d at 431. The tort cause of action for deceit is made up of five elements:

1) a false representation—usually of fact—made by the defendant;

2) knowledge or belief on the part of the defendant that the representation is false, or an insufficient basis to make the representation;

3) an intention to induce the plaintiff to act or refrain from acting in reliance on the information;

4) justifiable reliance by the defendant; and

5) damage to the plaintiff resulting from the reliance.

W. Page Keeton et al., *Prosser and Keeton on the Law of Torts*, § 105, at 728 (5th ed. 1984); *see also Frowen v. Blank*, 493 Pa. 137, 425 A.2d 412, 415 (1981) (Fraud consists of anything calculated to deceive); *Kuehner v. Parsons*, 107 Pa.Cmwlth. 61, 527 A.2d 627, 629, *appeal denied* 517 Pa. 626, 538 A.2d 879 (1987) (Actual fraud has five elements: there must be misrepresentation of material fact; scienter; intention by maker to induce recipient to act; justifiable reliance by recipient upon misrepresentation; and damage to recipient as proximate result); *Marian Bank v. International Harvester Credit Corp.*, 550 F.Supp. 456, 461 (E.D.Pa.1982); *Girard*

*Bank v. John Hancock Mut. Life Ins. Co.,* 524 F.Supp. 884, 894 (E.D.Pa.1981); Restatement (Second) of Torts § 525 (1977). Plaintiff has not alleged any of the five elements that make up a prima facia case of deceit. The complaint therefore does not allege facts sufficient to make out a claim for relief on a common law theory of deceit.

D) *Unfair Trade Practices Consumer Protection Law*

■ The Superior Court decision in *Pekular* makes it clear that a CPL cause of action may be maintained even if the acts complained of fall within the purview of another statute such as the UIPA.[3] *Pekular,* 513 A.2d at 434; *see also Hardy v. Pennock Insurance Agency, Inc.,* 365 Pa.Super. 206, 529 A.2d 471 (1987). In theory then, plaintiff could make a claim under the CPL in the appropriate circumstances even though she does not have a private right of action under the UIPA. The complaint does not specifically make a claim for CPL relief, however, and even if it did, the complaint does not state a set of facts upon which relief could be granted under the CPL. The CPL provides relief for a "misfeasance." *Gordon v. Pennsylvania Blue Shield,* 378 Pa.Super. 256, 548 A.2d 600, 603–4 (1988). The refusal to pay benefits to which plaintiff is entitled is a "nonfeasance" and therefore not actionable under the CPL. *Id.*

E) *Duty of Good Faith and Fair Dealing*

■ In 1989, the Pennsylvania Supreme Court articulated refinement of the relationship between insurer and insured in *Dercoli v. Pennsylvania Nat'l Mut. Ins. Co.,* 520 Pa. 471, 554 A.2d 906 (1989). A plurality of the *Dercoli* court held that an insurer has a duty to act in good faith towards an insured when acting as an advisor. *Id.* 554 A.2d at 909. This duty was held to be part of the duty of good faith and fair dealing found in all contracts. *Id.* While *Dercoli* articulated this duty, the exact nature of the duty and the extent of

its applicability was not clearly stated by the court. The Superior Court, however, has further defined the duty articulated in *Dercoli. Miller v. Keystone Ins. Co.,* 402 Pa.Super. 213, 586 A.2d 936 (1991). In *Miller,* the imposition of the *Dercoli* duty as grounds for liability was premised on three factors:

1) the insurer had assumed responsibility for processing its insured's claim;

2) the insurer knew that the insured was relying exclusively on the insurer's advice and counsel; and

3) the insurer had knowledge regarding an additional claim for benefits to which the insured was entitled and the insurer failed to disclose such information.

*Id.* 586 A.2d at 941. The complaint fails to allege a set of facts sufficient to maintain a cause of action for breach of the duty of good faith and fair dealing under *Dercoli* because plaintiff never alleges that defendant acted as her adviser in obtaining benefits for her. According to the alleged facts, the relationship between the parties was always an adversarial one.

F) *42 Pa.C.S.A. § 8371*

■ When it decided *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.,* 494 Pa. 501, 431 A.2d 966 (1981), the Supreme Court declined to create a new cause of action in Pennsylvania insurance law for "bad faith." *D'Ambrosio,* 431 A.2d at 970. Instead, the court left the creation of a new cause of action to the legislature. *Id.* The legislature responded to the court's suggestion by enacting 42 Pa.C.S.A. § 8371 which creates a new cause of action for bad faith conduct. *Liberty Mutual Insurance Co. v. Paper Manufacturing Co.,* 753 F.Supp. 156, 158 (E.D.Pa.1990). The legislature designated section 8371 to go into effect on July 1, 1990. *Id.* Section 8371 cannot be applied retroactively. *Id.* Therefore, defendant cannot be held liable unless its allegedly bad faith acts occurred on or after July 1, 1990.

---

**3.** One should note the conceptual distinction between bringing a CPL action based on activity that also violates other statutes as well, and

arguing that a CPL action can be had solely *because* the defendant's activity violates the UIPA.

The issue of retroactivity leads to the question of what constitutes "bad faith." This question has been considered by a number of district courts in the Eastern District of Pennsylvania and two related points of view have developed. One court has held that liability is determined from the date that the defendant insurer initially denied the plaintiff insured's claim. *Wazlawick v. Allstate Insurance Co.*, 1990 WL 294273 (E.D.Pa.1990). If that denial occurred prior to July 1, 1990, then the insured has no cause of action. *Id.* Another court has held that an insurer can be liable for continuing bad faith acts that occurred after July 1, 1990, even if the initial denial of the claim occurred before the enabling date. *Liberty Mutual Insurance Co. v. Paper Mfg. Co.*, 753 F.Supp. 156 (E.D.Pa. 1990); *see also Shamusdeen v. The Hartford Insurance Co.*, 1991 WL 108675 (E.D.Pa.1991). It has been held, however, that initially denying the claim and subsequently reasserting that denial after July 1, 1990 does not constitute continuing acts of bad faith giving rise to liability. *American Int'l Ins. Underwriters Corp. v. Zurn Indus., Inc.*, 771 F.Supp. 690, 703 (W.D.Pa. 1991); *see also Wazlawick v. Allstate Insurance Co.*, 1990 WL 294273 (E.D.Pa. 1990). The post-enabling date activity must be separate acts, not a continuation of a previous denial. *Id.*

The issue of what constitutes post-enabling date activity giving rise to liability under section 8371 has not been considered by either the Third Circuit or Pennsylvania appellate courts. I find the approach developed by my colleagues persuasive and will adopt it as my own. For purposes of applying section 8371, one must look to the date on which the defendant insurance company first denied the insured's claim in bad faith. If that date is prior to July 1, 1990, the insured's claim under section 8371 is barred. If the insurer denies the claim prior to July 1, 1990 and then reaffirms that denial after July 1, 1990, the insured's claim is still barred. If the insurer denies the claim before July 1, 1990 and then undertakes additional acts of bad faith, the insurer can be held liable for those additional acts under section 8371 if

they acts occur after the July, 1990 enabling date.

Applying the above analysis to this case, it is impossible to tell from the complaint whether defendant committed any independent acts of bad faith after the July 1, 1990 enabling date for section 8371. Based on the liberal reading of the complaint prescribed by the Rule 12(b)(6) standard, it is conceivable that defendant acted in bad faith after the enabling date independently of its initial low settlement offer, but the complaint is drafted in such general terms that this question cannot be definitively answered at this juncture. Therefore, the complaint will be dismissed with leave to amend.

### (V)

For the foregoing reasons, the complaint will be dismissed without prejudice and with leave to amend within the time prescribed by the attached order. At this stage, plaintiff's only cause of action in federal court is for bad faith pursuant to section 8371. As dictated by the supreme court's decision in *Johnson*, the breach of contract issues should be arbitrated in accordance with the arbitration clause in the insurance contract.

An appropriate order follows.

### ORDER

Upon consideration of the foregoing memorandum of law, defendant's motion is GRANTED IN PART and DENIED IN PART. The complaint is DISMISSED WITH PREJUDICE as to all claims except those arising under 42 Pa.C.S.A. § 8371. The complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND as to the claims made under 42 Pa.C.S.A. § 8371.

Accordingly, plaintiff SHALL

a) amend the complaint within thirty (30) days in accordance with the Court's memorandum of law,

b) pay particular attention to the timing of all of defendant's allegedly bad faith acts,

c) state as precisely as possible the date upon which each allegedly bad faith act occurred, and

d) clearly state each cause of action in separate paragraphs, each with their own numbered headings.

Failure to amend the complaint within the time specified will result in a dismissal of the complaint with prejudice.

IT IS SO ORDERED.