630 A.2d 891

**Naomi MUSE**

v.

**Jerry L. CERMAK and Falcon Transport, Inc., Appellants.**

Superior Court of Pennsylvania.

Argued April 29, 1993.

Filed Sept. 7, 1993.

Christine M.M. Brenner, Philadelphia, for appellants.

Stuart A. Carpey, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order granting appellee's motion to preclude evidence of liability. Appellants, Jerry L. Cermak and Falcon Transport, present the following issues for our review:

1. Whether the trial court erred in accepting [appellee's] collateral estoppel argument since the inter-company agreement which provided for arbitration specifically limited the conclusiveness of arbitration decisions to the claim submitted to the panel and set forth that the decision was not res judicata nor did it have any legal or moral effect on any other claim or suit arising out of the same accident or occurrence?

2. Whether the trial court erred in determining that the elements of collateral estoppel were satisfied where [appellants] did not have a full and fair opportunity to litigate the issues and the decision has not been reduced to a final judgment?

Appellants' Brief at 3. For the reasons set forth below, we reverse.

The relevant facts in the instant action are as follows. On January 16, 1989, appellee, Naomi Muse, and appellant-Cermak were involved in a two-vehicle collision at the intersection of Engle Street and Concord Road, Chester, Delaware County, Pennsylvania. At the time of the accident, Cermak was an employee of Falcon Transportation acting in the scope of his employment. As a result of the accident, appellee sustained numerous physical injuries, including those to her neck, back,

head, chest, left shoulder and nervous system. In addition, appellee's vehicle was damaged and required repair.

Appellee's insurer, State Farm Mutual Insurance Company (hereinafter "State Farm"), paid for her property damage and then sought reimbursement from appellants' insurer, Crum and Foerster c/o Toensmeier Adjustment Service, Inc. (hereinafter "Crum & Foerster"). As there was a dispute as to who was responsible for the damage to appellee's vehicle, the insurance companies proceeded to arbitration under the Nationwide Inter–Company Arbitration Agreement (hereinafter "Arbitration Agreement").[1] Arbitration commenced on December 6, 1990, at which time appellants were found negligent and, therefore, liable for the damage to appellee's vehicle.

On August 15, 1990, appellee filed a complaint in the Court of Common Pleas of Delaware County, Pennsylvania against appellants for her personal injury damages sustained as a result of the January 16, 1989 accident. Subsequent to the filing of the complaint and upon the completion of the arbitration proceedings, appellee filed a motion to preclude any evidence concerning liability contending that the December 6, 1990 arbitration proceedings collaterally estopped any subsequent determination of liability. On June 15, 1992, the trial court granted appellee's motion. On June 25, 1992, the trial court amended its order to allow an appeal to the Superior Court pursuant to 42 Pa.C.S. § 702(b). On July 22, 1992, appellants filed a petition with the Superior Court for permission to appeal. *See* Pa.R.A.P. 1311. Subsequently, on October 19, 1992, this court granted appellants' petition to appeal the trial court's order.

Appellants first contend that as the trial court erred in failing to follow the language of the Arbitration Agreement limiting the conclusiveness of arbitration decisions, the trial court improperly found that appellants were collaterally estopped from raising the issue of liability in the instant action. We agree.

1. Both State Farm and Crum & Foerster were parties to the Arbitration Agreement.

 Collateral estoppel "operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction from being relitigated in a subsequent suit." *Incollingo v. Maurer*, 394 Pa.Super. 352, 356, 575 A.2d 939, 940 (1990), *appeal denied*, 526 Pa. 636, 584 A.2d 318 (1990). Before applying the doctrine of collateral estoppel, the following elements must be satisfied:

> (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

*City of Pittsburgh v. Zoning Board of Adjustment of Pittsburgh*, 522 Pa. 44, 55, 559 A.2d 896, 901 (1989).

 However, in light of the clear language of the Arbitration Agreement, we need not determine whether these five elements are present in the instant action. Arbitration is a matter of contract and, accordingly, in construing the language of an arbitration provision, courts must resort to the rules of contractual construction. *See Johnson v. Pa. Nat. Ins. Companies*, 384 Pa.Super. 92, 97, 557 A.2d 789, 791 (1989); *Emlenton Area Mun. Authority v. Miles*, 378 Pa.Super. 303, 308, 548 A.2d 623, 626 (1988), *appeal denied*, 522 Pa. 613, 563 A.2d 498 (1989). "When the words of a contract are unequivocal, they speak for themselves, and a meaning other than that expressed cannot be given them. This court will not rewrite the contract or give it a construction that conflicts with the plain, ordinary, and accepted meaning of the words." *Lindstrom v. Pennswood Village*, 417 Pa.Super. 495, 502, 612 A.2d 1048, 1051 (1992).

Rule 15 of the Arbitration Agreement provides as follows:

> A decision of a panel on a claim submitted under the Nationwide Inter–Company Arbitration Agreement is not res judicata to the same or similar issues in companion claims or any other claim between the arbitrating companies. It is conclusive only of the controversy in the claim submitted to the panel and has no legal or moral effect on any other claim or suit arising out of the same accident or occurrence.

Nationwide Inter–Company Arbitration Agreement, Rules and Regulations, at 3.

▆▆▆▆ The Arbitration Agreement clearly provides that any decision made pursuant to the agreement will not have any preclusive effect on the outcome of similar or identical issues in companion claims. Where the terms of an arbitration agreement limit the binding effect of the award in another proceeding, we must honor those terms as part of the agreement between the parties. *See* Restatement of Judgments, 2nd § 84(3)(a) ("A determination of an issue in arbitration does not preclude relitigation of that issue if . . . according preclusive effect to determination of the issue would be incompatible with a . . . contractual provision that the tribunal in which the issue subsequently arises be free to make an independent determination of the issue in question. . . ."). Accordingly, as the terms of the Arbitration Agreement eliminate collateral estoppel, we find that appellants are not precluded from relitigating the issue of liability.[2]

2. In finding that appellants were collaterally estopped from litigating the issue of liability, the trial court relied, in part, upon Decision 2 of the Arbitration Agreement which provides that "[a] decision of the arbitration panel on issues of law or fact is final and binding without any right to appeal." *See* Nationwide Inter–Company Arbitration Agreement, Rules and Regulations, at 8. However, we do not find the language of Decision 2 to have any effect on our disposition of the instant action. While Decision 2 provides that a decision of the arbitration panel is binding, it does not specify to what extent. In light of this ambiguity and the clear language of Rule 15, we read the preclusive language of Decision 2 to apply only to claims submitted to the arbitration panel. *See Emlenton Area Mun. Authority* at 308, 548 A.2d at 626 ("[w]here a contract may be interpreted in a manner giving effect to all provisions, that interpretation is preferred.").

We reverse the order of the trial court and remand to the trial court for further proceedings consistent with this opinion.

Order reversed.