OPINION OF THE COURT
Alan L. Lebowitz, J.
The issue to be decided is whether an insured under a term life insurance policy, who cancels during the policy period, is entitled to a pro rata refund of the premiums paid.
The undisputed facts are as follows:
Plaintiff is the insured under a term life insurance policy issued by the defendant in the face amount of $350,000 for an annual premium of $425. The policy was in force and effect for more than one year and was renewed by the plaintiff. Thereafter, during the renewal period, plaintiff attempted to cancel the policy and demanded a pro rata refund of the premium *954 paid. This demand was refused by the defendant. The policy is silent as to cancellation.
New York Insurance Law § 3203 (a) (11) provides as follows: "that upon surrender of the policy, together with a written request for cancellation, to the insurer during a period of not less than ten days nor more than thirty days from the date of the policy was delivered to the policy owner, the insurer shall refund either (i) any premium paid for the policy, including any policy fees or other charges or (ii) if the policy provides for the adjustment of the cash surrender benefit in accordance with a market-value adjustment formula and if the policy or a notice attached to it so provides, the amount of the cash surrender benefit provided under the policy as so adjusted assuming no surrender charge plus the amount of all fees and other charges deducted from any premium paid or from the policy value; provided, however, that a policy sold by mail order must contain a provision permitting the policy owner a thirty day period for such surrender. A provision to this effect shall appear in the policy or in a notice attached to it.”
It is undisputed that plaintiff sought to cancel the policy after it was in force and effect for more than 30 days.
The issue before the court, being one of first impression in this jurisdiction, the court sought guidance from Hornbook law and other jurisdictions. Keeton and Widiss in their treatise on Insurance Law state (at 607): "Many insurance contracts do not include a clause that provides for cancellation of the policy by the insured.” In Bennett v Colonial Life & Acc. Ins. Co. (7 Kan App 2d 441, 643 P2d 1133 [1982]), the court held that where the policy does not provide for cancellation, contract law should apply.
The policy is a contract for one year and cannot be can-celled until the expiration date. Therefore, plaintiff does not have the right to cancel until the expiration period.
Accordingly, the complaint is dismissed and judgment is to be entered without costs or disbursements.